[Civ. No. 8594. Second Appellate District, Division One.—May 24, 1935.]

ROLAND H. MORELAND, as Administrator, etc., Appellant, v. H. I. LANGWORTHY et al., Respondents.

Derthick, Cusack & Ganahl for Appellant.

George H. Moore for Respondents.

YORK, J.—This action was brought by plaintiff as administrator of the Estate of E. W. Weller, Deceased, on behalf of his heirs to recover damages for the death of Weller, while riding as a guest in an automobile driven by defendant Langworthy and owned by defendant Bowman, doing business under the name of Bowman Motor Company.

Appellant makes two statements as to questions involved on this appeal, but we will adopt his statement under points of appeal as being the real grounds attempted to be raised by appellant.

"1. In a jury trial, where negligence is proven, may the court determine the degree of negligence, whether gross or ordinary, on a motion for a non-suit, or in such a case is it not the function of the jury under proper instructions by the court to determine the degree of negligence?

"2. A new trial should be ordered upon the ground of newly discovered evidence presented by affidavit on motion for new trial."

In the argument used by appellant, he seems to predicate it on the fact that the court on a motion for nonsuit cannot take from the jury the question of determining the degree of negligence. However, appellant overlooks the point that in order to establish appellant's cause of action, where it was admitted by all parties that the deceased was a guest rider, it is the duty of the court on a motion for nonsuit to determine if there was any evidence showing liability. It was necessary for plaintiff to introduce evidence to prove gross negligence, wilful misconduct, or the alleged intoxication of defendant Langworthy. An examination of the record presented for our consideration discloses the fact that there was no evidence of intoxication of the driver and no evidence upon which a finding of gross negligence or wilful misconduct could be predicated.

As to the second point raised by appellant, determination by the court of the effect of the affidavits offered as tending to show gross negligence is a matter ordinarily within the discretion of the trial court. In view of all the evidence that was introduced at the time of the trial, and of the counteraffidavits used on the motion for new trial, we cannot say that there was any abuse of discretion on the part of the trial court in denying the motion for new trial.

The court was justified in granting the motion for nonsuit. The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.